KE QUAN HE, Petitioner,

v.

U.S. DEPARTMENT OF JUSTICE, Attorney General, and Immigration and Naturalization Service, Respondents.

No. 06–2548–ag.

United States Court of Appeals, Second Circuit.

Jan. 12, 2007.

Ke Quan He, pro se, Flushing, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Daniel G. Lonergan, Trial Attorney, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Ke Quan He, a native and citizen of the People's Republic of China, seeks review of a May 9, 2006 order of the BIA affirming the October 13, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo pretermitting petitioner's asylum application and denying petitioner's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ke Quan He,* No. A 95 468 098 (B.I.A. May 9, 2006), *aff'g* No. A 95 468 098 (Immig. Ct. N.Y. City Oct. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

█ He's challenge to the IJ's finding that He failed to demonstrate that he filed for asylum within one year of his arrival in the United States does not raise a constitutional claim or question of law, and thus this Court lacks jurisdiction to review the BIA's denial of his application for asylum. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 322 (2d Cir.2006).

In reviewing He's withholding of removal and CAT claims, we review the IJ's decision, including the portions not explicitly discussed by the BIA, because the BIA agreed with the IJ's conclusion that He is not credible and, without rejecting any of the IJ's grounds for decision, emphasized particular aspects of that decision. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

█ Substantial evidence supports the IJ's determination that He was not credible. The IJ identified inconsistencies in He's statements regarding where He and his wife hid from officials, whether they went into hiding alone or together, and whether He was threatened by officials before or after he went into hiding, or at all. These inconsistencies were material to He's claim because they addressed the circumstances surrounding He's alleged persecution. *See Xiao Ji Chen,* 471 F.3d at 337 n. 18. Furthermore, the IJ gave He sufficient opportunity to account for these inconsistencies and rejected He's explanations. *See Ming Shi Xue v. BIA,* 439 F.3d

111, 125 (2d Cir.2006). Because He's explanations were unclear and, at times, contradictory, we cannot conclude that a reasonable factfinder would be compelled to credit them. It was also reasonable for the IJ to find that He's failure to provide corroborative evidence made him unable to rehabilitate his otherwise incredible testimony. Because these identified discrepancies in He's claim constitute substantial evidence in support of the IJ's adverse credibility determination, we affirm the agency's denial of withholding and CAT relief.

■ We also affirm the agency's denial of He's CAT claim to the extent it was based on his illegal departure from China. While He submitted evidence indicating that illegal Chinese emigrants may be subject to a one-year detention after returned to China, "imprisonment alone does not inherently constitute torture." *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (internal quotation marks omitted). Accordingly, we affirm the agency's finding that He failed to sustain his burden of proof for CAT relief.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, a stay of removal that the Court previously granted in this petition is VACATED.