**WENGIN CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 06–4668–ag.

United States Court of Appeals, Second Circuit.

May 1, 2007.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Amul R. Thapar, United States Attorney for the Eastern District of Kentucky, Charles P. Wisdom, Jr., Appellate Chief, David E. Middleton, Assistant United States Attorney, Lexington, KY, for Respondents.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Wengin Chen, a native and citizen of the People's Republic of China, seeks review of a September 14, 2006 order of the BIA affirming the May 12, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wengin Chen,* No. A96

336 048 (B.I.A. Sept. 14, 2006), *aff'g* No. A96 336 048 (Immig. Ct. N.Y. City May 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Gui Yin Liu v. INS,* 475 F.3d 135, 137 n. 1 (2d Cir.2007). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Chen, an unmarried young man who has no children and who has not alleged any personal contact with Chinese family planning officials in the past, asserts that he has a well-founded fear of persecution under the family planning policy. We identify no error in the IJ's determination that Chen failed to meet his burden of proof for asylum or withholding of removal. As Chen acknowledges in his brief, he is not *per se* eligible for asylum based on his mother's sterilization, *see Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005), nor does the fact that his mother was sterilized, by itself, suggest that he—or anyone he might marry—faces a heightened risk of sterilization. Moreover, the IJ reasonably found that Chen's general fears relating to future enforcement of the family planning policy were too speculative to be considered well-founded, absent any evidence in the record to suggest that someone in his particular situation was likely to face forced sterilization or comparable punish-

ment. *See Jian Xing Huang v. INS,* 421 F.3d 125, 128–29 (2d Cir.2005).

■ Substantial evidence also supports the IJ's denial of Chen's CAT claim, given his failure to present evidence that would compel the conclusion that someone in his "particular alleged circumstances" was more likely than not to be tortured, solely because he departed China illegally. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Chen also failed to submit any background evidence to support his statement that he might be beaten by loan sharks, or that the government would fail to protect him. The IJ reasonably found that his unsupported assertions were insufficient to establish the Chinese government's awareness of or willful blindness to such abuses by the loan sharks. *Cf. Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).