**MIN XIN CHEN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
**Respondent.**

**No. 06–5237–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 23, 2007.

---

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES, Hon. B.D. PARKER, and Circuit Judges.

### SUMMARY ORDER

Petitioner Min Xin Chen, a citizen of the People's Republic of China, seeks review of an October 18, 2006 order of the BIA, affirming the May 3, 2005 and September 21, 2000 decisions of Immigration Judge ("IJ") Adam Opaciuch, denying her applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Min Xin Chen,* No. A75 964 930 (B.I.A. Oct. 18, 2006) *aff'g* No. A75 964 930 (Immig. Ct. N.Y. City May 3, 2005, Sept. 21, 2000). We assume familiarity with the underlying facts and procedural history of the case.

As an initial matter, Chen does not argue that she is entitled to CAT relief. Accordingly, we deem any challenge to the IJ's denial of CAT relief abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

When the BIA agrees with the IJ's conclusion and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the

IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

### I. Asylum and Withholding of Removal

■ Here, we find that the agency's adverse credibility determination is supported by substantial evidence. The BIA was reasonable in finding that Chen's testimony was inconsistent with her application regarding when she worked at the family planning clinic, and vague regarding when and how she left China. The BIA also reasonably found that Chen's testimony was vague and contradictory regarding how many women she helped while working at the clinic and what her position and duties were at the clinic. *See Zhou Yun Zhang*, 386 F.3d at 74; *Secaida–Rosales*, 331 F.3d at 308–09. We decline to decide whether it was impermissibly speculative for the agency to find that it was improbable that Chen would work at a family planning clinic within a year of her abortion because the agency's adverse credibility finding is otherwise supported by substantial evidence. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005); *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir.2007).

Accordingly, because Chen did not present a credible claim for relief, the agency did not err in denying her asylum and withholding of removal claims. *See Zhou Yun Zhang*, 386 F.3d at 78.

### II. Adjustment of Status

Our jurisdiction to review discretionary denials of adjustment of status applications is limited to those cases where the petition for review raises a constitutional claim or question of law. *See Guyadin v. Gonzales*, 449 F.3d 465, 468–69 (2d Cir.2006); *Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 324 (2d Cir.2006). However, it is not possible to create jurisdiction over a discretionary determination by simply framing a challenge to a discretionary denial as a due process claim. *See Saloum v. USCIS*, 437 F.3d 238 (2d Cir.2006). Nevertheless, while the Court lacks jurisdiction to consider "mere disagreement[s] with the IJ's factual findings and exercise of discretion," a reviewable issue of law *may* arise in the case of "fact-finding which is flawed by an error of law." *Gui Yin Liu v. I.N.S.*, 475 F.3d 135, 137 (2d Cir.2007) (citing *Xiao Ji Chen*, 471 F.3d at 329).

■ Here, even though the agency denied Chen's adjustment claim as an exercise of discretion, this Court does not lack jurisdiction because its denial was flawed by an error of law. Because the IJ did not explicitly bifurcate his credibility finding, *see Paul v. Gonzales*, 444 F.3d 148, 153, 153 n. 4 (2d Cir.2006), we are unable to determine which part, if any, of Chen's testimony he deemed credible. Therefore, it appears as though the IJ acted arbitrarily by deeming Chen's testimony not

credible for purposes of her asylum and withholding of removal applications, but credible enough to label her a persecutor and deny her adjustment application on that basis. While we note that the agency may have acted within its discretion to deny Chen's adjustment application in light of her incredible testimony, we will not make that finding in the first instance.[1] *Xiao Ji Chen,* 471 F.3d at 329. Therefore, we conclude that the IJ's denial of Chen's adjustment application was flawed by an error of law and we remand this case for further proceedings on that limited basis.

For the foregoing reasons, the petition for review is DENIED in part, GRANTED in part, and REMANDED to the BIA for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**1.** In its decision, the BIA referred to a lack of hardship to a qualifying relative as a further adverse discretionary factor. However, it appears that the relevance of this finding is tied to the factors applicable in the adjudication of a 212(i) waiver, which the BIA concluded was likely not necessary. Accordingly, it is unclear to what extent a lack of hardship formed the basis of the agency's denial of Chen's adjustment application. On remand the BIA may wish to determine the relevance of hardship in this context.