MEN SHANG LIN, Petitioner,

v.

Alberto GONZALES, United States
Attorney General, Respondent.

No. 07–0878–ag.

United States Court of Appeals,
Second Circuit.

Aug. 31, 2007.

Yan Wang, New York, NY, for Petition-
er.

740

Because the Court did not receive a brief from the respondent within fifteen days of the June 13, 2007 due date specified in the scheduling order issued on April 13, 2007, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d), for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Men Shang Lin, a native and citizen of the People's Republic of China, seeks review of a February 8, 2007 order of the BIA affirming the August 3, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying Lin's applications for asylum and withholding of removal. *In re Men Shang Lin,* No. A 77 977 317 (B.I.A. Feb. 8, 2007), *aff'g* No. A 77 977 317 (Immig. Ct. N.Y. City Aug. 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, minus the argument for denying relief that was not affirmed by the BIA. *Bao Zhu Zhu v. Gonzales,* 460 F.3d 426, 430 (2d Cir.2006). Here, the BIA declined to consider whether the IJ correctly concluded that Lin's testimony was not credible. Thus, we review only the agency's burden of proof finding.

This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Gui Yin Liu v. INS,* 475 F.3d 135, 138 (2d Cir. 2007).

Here, substantial evidence supports the IJ's determination that Lin failed to demonstrate past persecution. As the IJ concluded, "there is no evidence that an abortion or sterilization procedure has been conducted or even attempted" on either Lin or his wife in China. [JA 37] Lin testified that family planning officials fined him and his wife 15,000 RMB but he offered no proof that he suffered the substantial and deliberate economic deprivation necessary to make out a persecution claim on this basis. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 70 (2d Cir.2002). Lin testified in addition that his wife was required to have an IUD inserted sometime after their only child was born. The agency did not err in concluding that this testimony was insufficient to establish that Lin himself had suffered past persecution. *Cf., Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007)(concluding that the spouse of someone forced to undergo or threatened with an abortion or sterilization is not automatically eligible for asylum status).

Substantial evidence likewise supports the agency's determination that Lin failed to demonstrate a well-founded fear of future persecution. Lin testified that when he and his wife returned home "a second time," the family planning authorities said that they would sterilize him if his wife did not report for her IUD examination. The date of this threat is unclear. Lin also stated that they "constantly" asked his wife and mother for his whereabouts and informed them that because he

"escaped," he would be sterilized if arrested. However, Lin did not indicate that his wife had experienced further problems with family planning officials in the four years since Lin's departure from China, or that authorities had recently expressed an interest in sterilizing him for any reason. Moreover, Lin's wife does not reference any such threats in her letter submitted to the IJ. In these circumstances, the agency reasonably found that Lin failed to demonstrate a well-founded fear of persecution. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country without harm, claim of well-founded fear was diminished).

Because Lin was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). The same would be true for Lin's request for relief under the Convention Against Torture ("CAT"), which rested on the same factual predicate. We do not decide this issue, however, but decline to review any argument that Lin is entitled to CAT relief because he failed to exhaust this claim before the IJ. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 107 n. 1 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).