**HANG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–0465–ag.**

United States Court of Appeals, Second Circuit.

Nov. 20, 2007.

Hang Chen, New York, NY, Pro Se.

Peter D. Keisler, Assistant Attorney General, Elizabeth J. Stevens, Senior Litigation Counsel, John P. Devaney, Attorney, Office of Immigration Litigation, U.S.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Hang Chen, a native and citizen of the People's Republic of China, seeks review of a January 19, 2007 order of the BIA affirming the July 11, 2005 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hang Chen*, No. A97 327 674 (B.I.A. Jan. 19, 2007), *aff'g* No. A97 327 674 (Immig. Ct. N.Y. City July 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *Gui Yin Liu v. INS*, 475 F.3d 135, 138 (2d Cir.2007).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence. First, at his airport interview, Chen told the asylum officer that he feared persecution because of China's family planning policy. Chen then made the same claim in his asylum application. At his hearing before the IJ, however, Chen testified that he lied at his airport interview and that his asylum application was also incorrect. The IJ rejected Chen's explanation for lying because "the snakehead was not present" at the airport interview and because Chen did "not offer[ ] an explanation as to how the snakehead would have known what [Chen] testified to" during the airport interview. Similarly, at his merits hearing before the IJ, Chen stated that he had reviewed his asylum application with his attorney, that he was familiar with its contents, and that the application was correct. Because the IJ evaluated and properly rejected Chen's explanation for lying at the airport interview and filing a false application, we find that the IJ's adverse credibility finding is supported by substantial evidence. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir.2005) ("[I]t is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses."); *id.* at 398–99 ("Where, as here, immigration officials have been presented with two 'materially different' asylum claims, it is entirely appropriate for a factfinder to rely on this evidence as a basis for determining whether a petitioner was actually persecuted in the manner asserted or is instead merely reciting an account fabricated for the purposes of obtaining entry into the United States."); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir.2004) ("Where the alien's airport statements and his or her later testimony present *materially different accounts of his or her purported persecution*, ... the inconsistencies may render the alien's testimony incredible." (emphasis added)).

Having called Chen's testimony into question, the IJ also properly found that his failure to provide corroborative evidence, such as testimony from fellow Falun Gong practitioners or an uncle who lives nearby, rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v.*

*U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

In light of the fact that Chen lied twice while under oath and failed to provide corroborating evidence of his asylum claim based on his Falun Gong activities, we find that the IJ's denial of Chen's application for asylum was not in error. *See Siewe v. Gonzales,* 480 F.3d 160, 170–71 (2d Cir. 2007) (finding that an IJ may properly rely on false testimony or evidence to discredit other uncorroborated or unauthenticated evidence presented by an asylum petitioner). Because the only evidence of a threat to Chen's life or freedom depended upon his credibility, the adverse credibility finding in this case also precludes success on his challenge to the agency's denial of his application for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Chen failed to challenge the denial of his CAT claim in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).