SUMMARY ORDER

Petitioner, Wei Deng Wu, a native and citizen of the People’s Republic of China, seeks review of the March 23, 2004 order of the BIA affirming the November 15, 2002 decision of Immigration Judge (“IJ”) Brigitte Laforest denying petitioner’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Wei Deng Wu, No. A 71 603 600 (B.I.A. Mar. 23, 2004), aff'g No. A 71 603 600 (Immig. Ct. N.Y. City Nov. 15, 2002). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA summarily affirms the decision of the IJ, we review the IJ’s decision as the final agency determination. See Shunfu Li v. Mukasey, 529 F.3d 141, 146 (2d Cir.2008). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. Manzur v. U.S. Dep’t of Homeland Sec., 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency’s reasoning or its fact-finding process was sufficiently flawed. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005).
As an initial matter, because Wu failed to raise any claim based on his illegal departure from China or his altercation with family planning officials either before the BIA or this Court, we deem any such claims abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (per curiam). However, we reject the government’s argument that Wu waived his withholding of removal and CAT claims. Both before the BIA and this Court, Wu noted that the IJ had denied his application for withholding of removal and CAT relief based on the adverse credibility determination and challenged that credibility determination. Wu has thus preserved for our review his challenge to the agency’s denial of those forms of relief.
An adverse credibility determination must be “based on specific, cogent reasons bearing a legitimate nexus to the determination,” Belortaja v. Gonzales, 484 F.3d 619, 626 (2d Cir.2007), and the agency may rely on material inconsistencies or omissions that go “to the heart of [the] petitioner’s claim for relief.” Hongsheng Leng v. Mukasey, 528 F.3d 135, 141-42 (2d Cir.2008) (per curiam) (quotation marks omitted). The IJ based the adverse credibility finding on the following inconsistencies related to Wu’s claim of persecution by police for his sale of Falun Gong books: (1) an inconsistency between Wu’s statement at his credible fear interview that he and his father fled the bookstore because the police came to arrest them, and his testimony that he and his father were not present when the police arrived; and (2) an inconsistency between Wu’s asylum application, which indicated that he kept the Falun Gong books he sold at home, and his testimony that those books were kept in the bookstore basement. The IJ also relied on the omission of any reference in the mother’s affidavit to her being arrested where Wu testified that his mother had been detained.
The IJ reasonably relied on an inconsistency between Wu’s statement at his credible fear interview that he and his father *81 fled the bookstore because the police came to arrest them, and his testimony that he and his father were not present when the police arrived. Wu argues that the IJ erred in relying on this inconsistency because it is minor. To the contrary, the IJ properly relied on this discrepancy because it concerned the central element of Wu’s claim — the alleged attempt by police to arrest him for selling Falun Gong books. See Hongsheng Leng, 528 F.3d at 141-42.
The IJ also reasonably found that Wu’s asylum application and testimony were materially inconsistent as to the location of the books. Wu wrote on his asylum application that he, along with his father, kept the Falun Gong books “at home,” but he testified that the books were kept in the bookstore basement. The IJ solicited an explanation for the inconsistency, and Wu attempted to reconcile these statements by explaining that he was living in the bookstore. The IJ, while not specifically discussing this explanation in her decision, considered the explanation inadequate. The IJ did not err in declining to accept the explanation when Wu readily distinguished the bookstore from his “home” on his application. See Yun-Zui Guan v. Gonzales, 432 F.3d 391, 395 (2d Cir.2005).
The IJ also relied on the omission of any mention of an arrest in the mother’s affidavit where Wu testified, as described by the IJ, that his mother was “arrested, questioned, and released” by police. Wu argues that the IJ’s description mischaracterizes his testimony because he stated that his mother was detained, not arrested. Wu contends that the IJ erred by failing to develop the record in this regard. See Gui Yin Liu v. INS, 475 F.3d 135, 138 (2d Cir.2007) (per curiam), vacated in part on other grounds, Gui Yin Liu, 508 F.3d 716. Wu testified that his mother was not detained on the date that police initially came looking for his father and him, but rather, at a “later” time, and his mother stated in her affidavit that police, after the initial search of the home, often came to her to ask about Wu’s whereabouts. The latter statement in the mother’s affidavit supports that the mother may have been detained by police for questioning. The record is at least unclear as to whether the mother’s affidavit contained a material omission.
Even though the finding of an omission seems to have lacked support in the record, there were material inconsistencies that support the agency’s conclusion that Wu was not credible. Remand would be futile in this case because the IJ’s adverse credibility determination is amply supported by the record. See Manzur, 494 F.3d at 289. Because the only evidence that Wu was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.