Wang v. Holder

BIA
Vomacka, IJ
A094 041 845
A094 041 846

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> ROSEMARY S. POOLER,
> > *Circuit Judges.*

_____

MULAN WANG, FEI CHEN,
> *Petitioners,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL
> *Respondent.*

10-658-ag
NAC

_____

FOR PETITIONERS:    Alan Michael Strauss, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Thankful T.

**Vanderstar, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Mulan Wang and Fei Chen, wife and husband and natives and citizens of China, seek review of a January 19, 2010, order of the BIA affirming the March 14, 2008, decision of Immigration Judge ("IJ") Alan A. Vomacka denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mulan Wang, Fei Chen*, Nos. A094 041 845/846 (B.I.A. Jan. 19, 2010), *aff'g* Nos. A094 041 845/846 (Immig. Ct. N.Y. City Mar. 14, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

As an initial matter, because the petitioners have not challenged the agency's findings that (1) Chen did not establish past persecution, or (2) that they did not establish their eligibility for CAT relief, these issues are deemed waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, we address only the denial of asylum and withholding of removal.

## I. Pretermission of Wang's Asylum Application

The petitioners argue that the agency erred in finding that Wang did not demonstrate that she filed her asylum application within one year of her entry into the United States. We lack jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). 8 U.S.C. § 1158(a)(3). Although we retain jurisdiction to review constitutional claims and "questions of law," 8 U.S.C. § 1252(a)(2)(D), a question of law is not implicated "when the petition for review essentially disputes the correctness of the IJ's fact-finding or the wisdom of his exercise of discretion," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 328-29 (2d Cir. 2006).

Here, petitioners argue that the IJ erred as a matter of law in holding that Wang was not credible because the IJ based this conclusion on its observation that "on a number of occasions the respondent dealt with the question by stating a tentative answer and then asking the person questioning her whether that was right." The record reveals that at one point during the questioning, Wang was asked, "Can you tell me how you received this document here into the United States?" In response to that question, Wang answered: "It was sent over, sent to the United States, right?" This appears to be the only time Wang gave any testimony that could have been construed as a question seeking confirmation of the correctness of her response.

Although an "unambiguous mischaracterization of the record" may raise a question of law, *Gui Yin Liu v. INS*, 508 F.3d 716, 722 (2d Cir. 2007), the one isolated overstatement in this case does not rise to that level. The record reveals that the IJ correctly described Wang's responses as largely tentative. The record also indicates that Wang changed her answers, or, as the IJ noted, was "led into remembering" a number of important details that she otherwise could not recall—including the year in which her

4

second son was born.  Thus, the IJ's description of the record was not an unambiguous mischaracterization of its content overall. *Id.*  Further, unlike the mischaracterization at issue in *Gui Yin Liu v. INS*, 475 F.3d 135 (2d Cir. 2007), which involved Liu's record with the Chinese police, the IJ's overstatement in this case does not involve a "central element" of the record.  *See id.* at 138. Rather, it was one of many considerations that factored into the IJ's adverse credibility finding.  Accordingly, we are without jurisdiction to review the finding that the asylum application was untimely.

The petitioners' alternative argument, that the IJ erred by requiring corroboration without first identifying the relevant documents and showing that they were reasonably available to the petitioner, is misplaced.  When an applicant's testimony has been called into question, the agency may reasonably expect the applicant to provide corroborative materials to rehabilitate the testimony.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Contrary to petitioners' claims, an IJ need not first identify the particular pieces of evidence before relying on a lack of corroboration to support an adverse credibility

finding.  *See Xiao Ji Chen*, 471 F.3d at 341.  Thus the petitioners have not demonstrated any error of law in the pretermission of Wang's asylum application as untimely.

## II.  Withholding of Removal

The agency reasonably determined that the petitioners did not establish past persecution or a likelihood of future persecution.

### A.  Past Persecution

The agency found that Wang's testimony that she had suffered a forcible abortion and the forcible insertion of an intrauterine device ("IUD") was not credible as to the involuntary nature of the abortion and IUD.  The agency relied on inconsistencies, which were not clarified by Chen's or other testimony, and the manner in which Wang answered questions.  Additionally, the agency found that the petitioners did not present sufficient corroborating evidence to rehabilitate Wang's testimony.  The petitioners disagree with the adverse credibility determination, arguing that the IJ did not consider Wang's evidence that she had been subjected to periodic IUD exams, including a report from a gynecologist in the United States who stated that Wang had a type of IUD which had never been used in the United States.  These arguments are unavailing.

6

A reasonable fact-finder would not be compelled to conclude that the agency ignored any material evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17. Indeed, the IJ expressly considered similar evidence indicating that Wang had received an IUD. Moreover, because the IJ's adverse credibility determination was not based on a finding that Wang did not have an abortion or IUD, but rather that she did not credibly establish that the abortion and IUD were involuntary, the existence of the IUD was not material.

The agency also reasonably determined that Wang's testimony was not credible. As the IJ noted, the petitioners had difficulty setting out the dates on which events happened, supporting the IJ's conclusion that Wang was not testifying about her own experiences but repeating a learned story. Indeed, Wang's testimony regarding her date of entry was contradicted by the testimony of other witnesses, she gave inconsistent testimony regarding the dates of her medical care, and she was unable to provide the correct year of her son's birth even after being provided an opportunity to clarify. Such inconsistencies are sufficient grounds for an adverse credibility determination. 8 U.S.C.

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Wang's explanation that she was confused does not compel the conclusion that she was testifying truthfully. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005). Wang's manner suggested that she was unsure of her story, gave tentative answers to questions, and changed her answer after guidance from the attorney, also supports the adverse credibility finding. *See id.* at 81 n.1.

Contrary to the petitioners' argument, the IJ's corroboration finding was not erroneous, as the IJ never stated that such documents would have been necessary to meet her burden of proof, only that without such evidence she had not rehabilitated her otherwise incredible testimony. *See Biao Yang*, 496 F.3d at 273. In addition, as the IJ found, Wang's medical records were based entirely on her own statements and did not indicate whether the abortion was involuntary, and thus were not sufficient to rehabilitate her testimony. *See Xiao Ji Chen*, 471 F.3d at 342.

Ultimately, the IJ's evaluation of Yang's testimony and demeanor provides substantial evidence in support of the agency's adverse credibility determination, and the IJ

8

reasonably found that Yang's corroborative evidence did not rehabilitate her questionable testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Biao Yang*, 496 F.3d at 273.

## B. Future Persecution

Absent past persecution, the petitioners had to show that it is more likely than not that they would be persecuted in China. The petitioners argue that they established a likelihood of future persecution in that they face sterilization if they return to China because they now have a second son, who was born since they entered the United States. They contend that the family planning policy is enforced against the parents of children born abroad, arguing that this is confirmed by a letter from the Fujian Province Population and Family Planning Commission. These arguments are foreclosed by this Court's decision in *Jian Hui Shao*, 546 F.3d 138.

Because China's family planning policy varies depending on locality, the burden is on the aliens to establish that they would personally suffer persecution on account of their violation of the policy. *Id.* at 159-62. The agency reasonably determined that evidence of general conditions in China did not suffice to show that they faced future

persecution in their locality.  *See id.* at 159-65.  Because the one document that petitioners rely on does not establish that individuals with United States born children have been or will be subjected to forcible sterilization, the agency reasonably found that petitioners offered no individualized evidence establishing a likelihood that they would be persecuted.  *Id.*

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk