09-2734-ag (L)
Thiersaint v. Holder

BIA
Straus, IJ
A044 588 716

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of February, two thousand twelve.

PRESENT:
>        JON O. NEWMAN,
>        ROBERT A. KATZMANN,
>                *Circuit Judges.*[*]

_____

EMMANUEL THIERSAINT,
>        *Petitioner*,

>        v.                                  09-2734-ag (L);
>                                            11-4247-ag (Con)
>                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:          Muneer I. Ahmad, New Haven, CT.

_____

[*]The Honorable Susan L. Carney was originally a member of this panel but recused herself from consideration of this appeal.  The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Internal Operating Procedure E.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General; Susan K. Houser, Senior
                           Litigation Counsel; W. Daniel Shieh,
                           Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.


UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Emmanuel Thiersaint, a native and citizen of Haiti, seeks review of a May 27, 2009 order of the BIA, affirming the February 27, 2009 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for deferral of removal under the Convention Against Torture ("CAT"). *In re Emmanuel Thiersaint*, No. A044 588 716 (B.I.A. May 27, 2009), *aff'g* No. A044 588 716 (Immig. Ct. N.Y. City Feb. 27, 2009). Thiersaint also seeks review of a September 19, 2011 decision of the BIA denying his motion to reopen, and moves for leave to proceed *in forma pauperis* ("IFP") and for a stay of removal in connection with this petition. *In re Emmanuel Thiersaint*, No. A044 588 716 (B.I.A. Sept. 19, 2011). The petitions for review are consolidated for purposes of this order. We assume the parties' familiarity

2

with the underlying facts and procedural history of the case.

## I.    Docket Number 09-2734 - Direct Appeal

Under 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to review any final order of removal against an alien who is removable by reason of having been convicted of an aggravated felony. *See De La Rosa v. Holder*, 598 F.3d 103, 107 (2d Cir. 2010); *see also Poole v. Mukasey*, 522 F.3d 259, 262 (2d Cir. 2008). Notwithstanding 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to consider any "constitutional claims or questions of law" raised in a petition for review. *See* 8 U.S.C. § 1252(a)(2)(D).

Thiersaint does not dispute that he was subject to removal by virtue of his conviction of an aggravated felony. Thus, Thiersaint's conviction of an aggravated felony, which served as the basis for his order of removal, falls squarely within the jurisdiction-stripping statute. *See* 8 U.S.C. § 1252(a)(2)(C). However, because Thiersaint argues in his petition that the BIA erred by failing to consider his central legal argument in denying his application for CAT relief, he presents a question of law for review over which we retain jurisdiction. *See Gui Yin*

3

*Liu v. INS*, 475 F.3d 135, 137-38 (2d Cir. 2007) (finding that we retain jurisdiction to review a petition when the agency "unambiguously mischaracterized a central element of the record," because that raises a question of law).

Thiersaint argues that the agency failed to address his central argument that he would be individually and intentionally singled out for torture by Haitian prison officials because of his physical disability. Thiersaint further asserts that the BIA failed to consider his claim under *Pierre v. Gonzales*, 502 F.3d 109, 121 (2d Cir. 2007), wherein this Court held that beyond evidence of inhumane prison conditions, a claimant can demonstrate a likelihood of torture by providing some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering because of certain characteristics or medical conditions that a claimant possesses.

The record reflects that the agency considered all of Thiersaint's legal arguments and the evidence he submitted in support of his claim. First, the IJ expressly considered "whether based on [Thiersaint's] particular characteristics [he would] be subjected to torture," and found that while Thiersaint's situation presents "a close case," he had

4

failed to establish that he will more likely than not be tortured upon his return to Haiti, as there was "insufficient evidence to show widespread physical beatings intended by Haitian government officials of criminal deportees, or even criminal deportees similarly situated to [Thiersaint]." *In re Emmanuel Thiersaint*, No. A044 588 716 (Immig. Ct. N.Y. City Feb. 27, 2009); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (rejecting the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner") (internal quotation marks omitted). Moreover, although the IJ accorded "some weight" to a report submitted by Thiersaint's expert witness, which suggested that disabled criminal deportees are especially vulnerable to mistreatment, the IJ reasonably determined that this evidence was "insufficient . . . to show that [Thiersaint would] be targeted by Haitian officials for torture." *In re Emmanuel Thiersaint*, No. A044 588 716 (Immig. Ct. N.Y. City Feb. 27, 2009); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings "lies largely within the discretion of the IJ") (internal quotation marks omitted).

Indeed, while the expert's report provides general examples of the poor prison conditions to which criminal deportees may be subjected, and discusses in general terms the treatment of physically disabled persons in Haiti, it does not identify any specific instances in which a physically disabled criminal deportee had been targeted for torture because of his physical characteristics. *See Pierre*, 502 F.3d at 121-22.

Moreover, although the BIA did not expressly address whether Thiersaint will more likely than not be singled out for harsh treatment because of his physical disability, as with the IJ, we presume that the BIA "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise." *Xiao Ji Chen*, 471 F.3d at 337 n.17. Here, nothing in the record compels the conclusion that the BIA ignored any of Thiersaint's legal arguments or the evidence he submitted in support of his claim. To the contrary, the BIA expressly referenced the country condition evidence and the expert witness report in its decision, and acknowledged Thiersaint's physical disability and the potential hardships that he may endure in prison as a result of his condition, and found that the "lack of medical care and likely pain that [Thiersaint] will

experience due to the leg amputation . . . is an unfortunate but unintended consequence of the poor conditions in the Haitian prisons," and that this "unintended consequence is not the type of proscribed purpose contemplated by the [CAT]." *In re Emmanuel Thiersaint*, No. A044 588 716 (B.I.A. May 27, 2009). Because the agency considered the basis of Thiersaint's claim and the evidence submitted in support of that claim, and Thiersaint raises no other legal or constitutional challenges to the denial of CAT relief, the agency's denial of CAT relief is not subject to further review. *See Pierre*, 502 F.3d at 121-22; *see also* 8 U.S.C. § 1252(a)(2)(C),(D).

We finally address Thiersaint's argument that he was deprived of due process when the BIA failed to send him a copy of the DHS's opposition brief and denied his untimely motion for an extension of time to file a reply brief. Respondent alleges, and petitioner does not dispute, that the Department of Homeland Security made proper service of its brief by mailing a copy to petitioner at his correct address. Because Thiersaint has not cited any legal authority or procedural rules that explicitly require the BIA to send him copies of an opposition brief, and because he has had a meaningful opportunity to address all the

issues implicated in that brief, we conclude that he has failed to demonstrate a due process rights violation.

## II.  Docket Number 11-4247-ag - Motion to Reopen

Pursuant to 28 U.S.C. § 1915(a) and (e), this Court may permit an indigent appellant to proceed IFP, but must dismiss the appeal if the Court determines that it is frivolous.  An appeal is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The jurisdictional bar contained in 8 U.S.C. § 1252(a)(2)(C) applies equally to a petition seeking review of the BIA's denial of a motion to reopen.  *See Durant v. INS*, 393 F.3d 113, 115-16 (2d Cir. 2004).

We review the BIA's denial of Thiersaint's motion to reopen for abuse of discretion.  *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).  Where, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

An alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision.  8 U.S.C. § 1229a(c)(7)(A),(C); 8 C.F.R.

8

§ 1003.2(c)(2). Although Thiersaint's motion was indisputably untimely because it was filed more than two years after the BIA issued its final order of removal, there is no time limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Assuming that we retain jurisdiction over Thiersaint's claim that the BIA abused its discretion in finding that his evidence did not materially affect his eligibility for deferral of removal under the CAT, his claim is without merit. As the BIA noted, while the evidence indicated that criminal deportees continued to encounter "unduly harsh conditions" in Haitian prisons, it did not indicate that Thiersaint will more likely than not be individually and intentionally singled out for torture by or with the acquiescence of Haitian prison officials because of his physical disability. *See* 8 C.F.R. § 1208.17; *see also Pierre*, 502 F.3d at 121. Moreover, nothing in the record compells the conclusion that the BIA failed to consider any

9

of Thiersaint's evidence.  *See Jian Hui Shao*, 546 F.3d at 169; *Xiao Ji Chen*, 471 F.3d at 337 n.1.

Contrary to Thiersaint's argument that the BIA applied the wrong legal standard in concluding that his evidence was not material to his claim for CAT relief, a review of the record confirms that the BIA properly identified and applied the standard set forth in 8 C.F.R. § 1003.2(c)(1), which states that a "motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."

For these reasons, Thiersaint's motion to proceed IFP is denied and the petition for review is dismissed because it lacks an arguable basis in law or fact.  *See* 28 U.S.C. § 1915(e); *Neitzke*, 490 U.S. at 325.

For the foregoing reasons, the petitions for review are DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10