13-2296
Gonzales-Reyes v. Holder

BIA
Morace, IJ
A097 531 940

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT:
            REENA RAGGI,
            GERARD E. LYNCH,
            DENNY CHIN,
                *Circuit Judges.*

_____

IVAN ROBERTO GONZALES-REYES,
            *Petitioner,*

            v.                                    13-2296
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*

_____

FOR PETITIONER:        Usman B. Ahmad, Long Island City, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Joanna L. Watson, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Ivan Roberto Gonzales-Reyes, a native and citizen of Guatemala, seeks review of a May 13, 2013, decision of the BIA affirming the May 29, 2012, decision of Immigration Judge ("IJ") Philip L. Morace, denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ivan Roberto Gonzales-Reyes*, No. A097 531 940 (B.I.A. May 13, 2013), *aff'g* No. A097 531 940 (Immig. Ct. N.Y. City May 29, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Gonzales-Reyes is removable for having committed a controlled substance offense, we have jurisdiction to review only "constitutional claims or questions of law raised [in his] petition for review." *See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also Maiwand v. Gonzales*, 501 F.3d 101, 104 (2d Cir. 2007). To determine whether we

2

have jurisdiction, we must "study the arguments asserted . . . [and] determine, regardless of the rhetoric employed in the petition, whether [the petition] merely quarrels over the correctness of the factual findings or justification for the discretionary choices." *Maiwand*, 501 F.3d at 104 (citing *Xiao Ji Chen v. Gonzalez*, 471 F.3d 315, 329) (alteration in original).  If the petitioner contests only the IJ's factual findings or discretionary determinations, we lack jurisdiction to review the petition. *Id*.  However, we maintain jurisdiction to review the application of law to fact.  *Id*. (citing *Gui Yin Liu v. INS*, 475 F.3d 135, 137 (2d Cir. 2007)).  For example, a question of law may arise where the petitioner alleges that the agency's "fact-finding . . . is flawed by an error of law" or "where a discretionary decision is argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard." *Xiao Ji Chen*, 471 F.3d at 329.

In order to establish eligibility for asylum and withholding of removal, a petitioner "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least

3

one central reason for persecuting the applicant."  8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also* *Matter of J-B-N- and S-M-*, 24 I. & N. Dec. 208 (BIA 2007); *Matter of C-T-L-*, 25 I. & N. Dec. 341 (BIA 2010).  To constitute a particular social group under the Immigration and Naturalization Act ("INA"), a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007).

Here, Gonzales-Reyes first argues that the agency committed legal error by overlooking two of his legal theories supporting his claim of membership in a proposed social group.  Gonzales-Reyes contends that his familial relationships tie him to two distinct social groups that are subject to persecution in Guatemala: (1) "Guatemalans whose family members have defied, and owe money to, MS-13 Gang Members;" and, (2) "Guatemalans who have U.S. citizen families."  Despite Gonzales-Reyes's suggestion to the contrary, the agency considered and rejected each of these

4

proposed groups. In his oral opinion, the IJ noted that Guatemalan gang members may be aware of Gonzales-Reyes's connections to the United States, as well as his relatives' resistance to gang intimidation, but ultimately rejected each of these proposed bases for finding that Gonzales-Reyes belonged to a particular social group. Thus, the agency did not commit legal error by denying his asylum and withholding claims on those grounds.

Gonzales-Reyes next contends that the agency erred in concluding that his proposed particular social groups are not cognizable under the INA.[1] To the extent that he argues that the agency committed legal error, his petition must be denied. Upon reviewing the record, the agency concluded that Gonzales-Reyes failed to present sufficient evidence that members of Guatemalan society viewed any of his proposed groups as distinct or that those groups are at a greater risk of gang violence than the general population of Guatemala. Thus, we cannot say that the agency's discretionary decision to deny Gonzalez-Reyes' petition was made without rational justification or based on a legally

---

[1] In addition to proposed social groups based on his familial ties, Gonzales-Reyes also contends that he will be subject to persecution as a Guatemalan man who was sought for recruitment by the MS-13 gang and refused such recruitment.

5

erroneous standard.  *See Ucelo-Gomez*, 509 F.3d at 73 ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA."); *see also Matter of W-G-R-*, 26 I. & N. Dec. 208, 217 (BIA 2014) ("To have the 'social distinction' necessary to establish a particular social group, there must be evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group.").  For these reasons, Gonzales-Reyes's petition for review of the agency's denial of his asylum and withholding claims must be denied.

Finally, we lack jurisdiction to consider Gonzales-Reyes's purely factual challenge to the agency's denial of CAT relief.  *See* 8 U.S.C. § 1252(a)(2)(C), (D); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk